1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 2   ALISON WESTOVER, an individual; | NO. 3:24-cv-5872 |
| 3   Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| 4   v. | **JURY DEMAND** |
| 5   STATE OF WASHINGTON, WASHINGTON | |
| 6   STATE DEPARTMENT OF NATURAL | |
| 7   RESOURCES, a Washington State | |
| 8   Government Agency, HILARY FRANZ, in her | |
| 9   official and individual capacity as the | |
| 10  Washington State Commissioner of Public | |
| 11  Lands, CARLO DAVIS, in his official and | |
| 12  individual capacity as the Chief of Staff for the | |
| 13  Washington Department of Natural Resources, | |
| 14  SARAH FORD, in her official and individual | |
| 15  capacity as the Communications Director for | |
| 16  the Washington Department of Natural | |
| 17  Resources' Office of the Commissioner of | |
| 18  Public Lands, DARWIN FORSYTH, in his | |
| 19  official and individual capacity as the | |
| 20  Communications Deputy Director for the | |
| 21  Washington Department of Natural Resources' | |
| 22  Office of the Commissioner of Public Lands; | |
| 23 | |
| 24  Defendants. | |

25

26      Plaintiff Alison Westover, by and through her attorney, Karen Osborne, as and for her

27   Complaint against Defendants, STATE OF WASHINGTON; WASHINGTON STATE

Complaint - PAGE **1** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1  DEPARTMENT OF NATURAL RESOURCES, a Washington State Government Agency;

2  HILARY FRANZ, in her official and individual capacity as the Washington State Commissioner

3  of Public Lands; CARLO DAVIS, in his official and individual capacity as the Chief of Staff for

4  the Washington Department of Natural Resources; SARAH FORD, in her official and individual

5  capacity as the Communications Director for the Washington Department of Natural Resources'

6  Office of the Commissioner of Public Lands; DARWIN FORSYTH, in his official and

7  individual capacity as the Communications Deputy Director for the Washington Department of

8  Natural Resources' Office of the Commissioner of Public Lands, states as follows:

9                                    **I.   PARTIES**

10     1.        Plaintiff ALISON WESTOVER[1], is an individual residing in Citrus County,

11  Florida, and who was residing in Spokane County, Washington at the time of the acts and events

12  complained of herein.

13     2.        Plaintiff Westover was hired by Defendant Washington State Department of

14  Natural Resources in September 2019. When Westover was hired, she used the surname of

15  Abrahamsen, which has since changed due to marriage.

16     3.        Defendant STATE OF WASHINGTON ("Washington or WA") is a state

17  organized under the laws of the United States.

18     4.        Defendant WASHINGTON STATE DEPARTMENT OF NATURAL

19  RESOURCES ("DNR") is a governmental agency of the State of Washington. DNR is

20  responsible for managing 2.1 million acres of public forestlands.

21     5.        Defendant HILARY FRANZ is the Commissioner of Public Lands and is named

22  here in her official and individual capacity. Commissioner Franz, in her official capacity,

23  exercises general responsibility, supervision, and oversight of the policies, practices, and

24  operations of DNR.

---

[1] Ms. Westover was hired under a former surname, Abrahamsen.

Complaint - PAGE **2** OF 19

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

6.      Defendant CARLO DAVIS was the Chief of Staff of the Washington Department of Natural Resources at the time of the acts and events complained of herein, and is named here in his official and individual capacity. Chief Davis, in his official capacity, provides executive leadership and policy direction within the Department. Davis is responsible for direct oversight, administrative policy and strategic administrative functions of the agency budget; finance and accounting; human resources; communications; legislative relations; performance planning, research data and analytics, innovation and strategy; and policy.

7.      Defendant SARAH FORD is the Communications Director for the Washington Department of Natural Resources and is named here in her official and individual capacity. Director Ford, in her official capacity is responsible for developing and executing communication strategy to bring the work of the agency to life for the general public and supervising subordinate staff.

8.      Defendant DARWIN FORSYTH was the Communications Deputy Director for the Washington Department of Natural Resources' Office of the Commissioner of Public Lands and is named here in his official and individual capacity. Deputy Director Forsyth, in his official capacity is responsible for providing strategic guidance to agency leadership, including the Communications Director and Commissioner Franz, crafting communications plans, identifying positive media opportunities, serving as an agency spokesperson when needed, and working closely with the Communications Director to supervise a team of 12, including Ms. Westover.

## II.     JURISDICTION AND VENUE

9.      Jurisdiction in this Court is based upon 28 U.S.C. § 1331 as it involves a federal question pursuant to the First and Fourteenth Amendments to the Constitution of the United States, and it has supplemental jurisdiction over Ms. Westover's state law claims pursuant to 28

Complaint - PAGE **3** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1   U.S.C. § 1367.

2       10.       Venue is proper in the Western District of Washington as Defendant State of

3   Washington's Capitol is located in Olympia, Washington.

4       11.       This Court is authorized to grant Ms. Westover's prayer for relief regarding

5   damages pursuant to Rule 54 of the Federal Rules of Civil Procedure and the supplementary laws

6   of the State of Washington, as applicable under Fed. R. Civ. P. 69.

7                     **III.**    **FACTS**

8                  **Ms. Westover is an award-winning journalist.**

9       12.       Ms. Westover was hired by Washington Department of Natural Resources

10   ("DNR") in September 2019 in the role of Communications Specialist. Westover Decl. at ¶ 4.

11       13.       Ms. Westover's duties at DNR included providing strategic guidance to the

12   agency, in coordination with the Communications & Outreach Division, to develop, design,

13   write, and implement communications plans, and produce materials such as news releases,

14   presentations, brochures, social media content, blogs and website content. Westover Decl. at ¶ 5.

15       14.       Ms. Westover began her journalism career as an intern and later as a paid segment

16   producer for FOX News. Westover Decl. at ¶ 7.

17       15.       Following her stint at FOX News and immediately prior to her job with DNR, Ms.

18   Westover worked as a news reporter for over 13 years, most recently at KING 5, Seattle's NBC

19   affiliate station.  Westover Decl. at ¶ 6.

20       16.       During her career, Ms. Westover received several awards for excellence in

21   journalism, including Emmy Awards, an Associated Press Award, and the Sigma Delta Chi

22   Award for Excellence in Journalism from the Society of Professional Journalists. Westover Decl.

23   at ¶ 8.

Complaint - PAGE **4** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

**Ms. Westover produced and published an independent news channel.**

1

2     17.      While employed at KING 5, Ms. Westover produced an independent YouTube

3    Channel.  Westover Decl. at ¶ 9.

4     18.      When DNR hired Ms. Westover, DNR was aware of the fact that she produced an

5    independent YouTube Channel. Westover Decl. at ¶ 10.

6     19.      Specifically, Defendant Davis, Chief of Staff for DNR, was aware of Ms.

7    Westover's YouTube Channel and he encouraged Ms. Westover, without restriction, to continue

8    her independent journalism when Ms. Westover was hired. Westover Decl. at ¶ 10.

9     20.      During an interview for the position, Ms. Westover specifically asked Defendant

10    Davis if there were any subjects that would be off limits regarding her independent journalism.

11    Westover Decl. at ¶ 11.

12     21.      In response, Defendant Davis mentioned on-going litigation regarding the DNR's

13    use of glyphosate and Defendant Davis said he preferred that Ms. Westover not discuss

14    glyphosate as it could impact the litigation. Westover Decl. at ¶ 12.

15     22.      Ms. Westover understood Defendant Davis's statement as a request and not a

16    demand and was given the impression that no topic was "off limits." Westover Decl. at ¶ 13.

17     23.      Defendant Davis put nothing in writing, nor was Ms. Westover party to a contract

18    limiting her freedom to speak on her channel.

19     24.      Ms. Westover produced and posted to her YouTube channel over 200 videos

20    between September 16, 2019, and September 30, 2021. Westover Decl. at ¶ 29.

21     25.      Ms. Westover's content was filmed on her personal time using her personal

22    equipment. Westover Decl. at ¶ 15.

23     26.      Ms. Westover's YouTube Channel was used for her independent journalism and

Complaint - PAGE **5** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1   was a method of publishing the same.

2   27.     Ms. Westover worked for DNR from September 2019 through September 2021

3   with no workplace complaints or discipline. Westover Decl. at ¶ 16.

4   28.     Ms. Westover posted an interview with Dr. Aaron Kheriaty, MD, to her YouTube

5   channel on or about September 26, 2021. Westover Decl. at ¶ 19.

6   29.     Ms. Westover's interview with Dr. Kheriaty included a discussion of Dr.

7   Kheriaty's lawsuit against the University of California over the University's COVID-19 vaccine

8   mandate, as well as Dr. Kheriaty's opinions about COVID-19 vaccines. Westover Decl. at ¶ 20.

9   30.     In addition, Ms. Westover's interview included discussion of the suppression of

10  information contrary to the government narrative regarding vaccination and COVID in general.

11  Westover Decl. at ¶ 21.

12  31.     Ms. Westover posted an interview with Dr. Mollie James, DO, on September 25,

13  2021, on her Locals channel. Westover Decl. at ¶¶ 17-18.

14  32.     Ms. James discussed the effect of COVID-19 vaccine mandates on her

15  professional life. Westover Decl. at ¶¶ 17-18.

16  33.     Ms. Westover did not reference her employment with DNR or any of DNR's

17  COVID-19 policies during any of the interviews. Westover Decl. at ¶ 22.

18  34.     Ms. Westover did not represent in any way that she was speaking on behalf of

19  DNR, representing its policies or views.

20  35.     Ms. Westover posted on her personal Twitter/X account on or about September

21  26, 2021, information that YouTube had removed the interview with Dr. Kheriaty from the

22  YouTube platform. Westover Decl. at ¶ 23.

23

Complaint - PAGE **6** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

**Defendants violated Ms. Westover's First Amendment rights of Freedom of Speech and the Press.**

36.      Sarah Ford, DNR's Office of the Commissioner of Public Lands Communications Director, scheduled a telephone meeting with Ms. Westover, Defendant Ford, and Defendant Forsyth, DNR's Office of the Commissioner of Public Lands Communications Deputy Director, for September 30, 2021. Westover Decl. at ¶ 24.

37.      The subject of the meeting was DNR's expectations of Ms. Westover's independent journalism and her continued employment with DNR. Westover Decl. at ¶ 24.

38.      During the meeting Defendant Forsyth directed Ms. Westover to refrain from producing any more content that undermined DNR's policies related to COVID-19. Westover Decl. at ¶ 25.

39.      Ms. Westover advised Defendant Forsyth and Defendant Ford that she needed to consider the directive, and Ms. Westover would think about it over the weekend. Westover Decl. at ¶ 26.

40.      Defendant Forsyth asked Ms. Westover to refrain from producing additional COVID related content while she considered the situation, and she agreed. Westover Decl. at ¶ 27.

41.      Following the telephone meeting, Ms. Westover received an email from Defendant Forsyth on October 1, 2021, directing Ms. Westover to, "refrain from creating new videos that undermines DNR's position and policies on COVID safety or – explicitly or implicitly – promotes/amplifies COVID misinformation." Westover Decl. at ¶ 28.

42.      Ms. Westover replied to the email on October 4, 2021, where Ms. Westover denied sharing any misinformation. Westover Decl. at ¶ 30.

Complaint - PAGE **7** OF **19**

43.        Ms. Westover further wrote that she believed her videos complied with DNR policy, and that Ms. Westover believed she had a First Amendment right to discuss matters of public concern, and she planned to continue to do so. Westover Decl. at ¶ 30.

44.        Ms. Westover had requested a copy of the DNR's policy on the COVID-19 vaccination requirement and was told by Judy Browning, a Senior Human Resources Consultant for the DNR that, "There is no official Policy" on September 14, 2021. Westover Decl. at ¶ 31.

45.        Ms. Westover posted a video titled, "Firefighters sue Illinois Governor over Covid Vaccine mandate" to her YouTube channel on October 4, 2021. Westover Decl. at ¶ 32.

46.        Ms. Westover posted a video titled, "Elites can break Facebook rules, leaked documents show" to her YouTube channel on October 5, 2021. Westover Decl. at ¶ 33.

47.        Ms. Westover posted a video titled, "Politics and authoritarianism are ruining science" to her YouTube Channel on October 8, 2021. Westover Decl. at ¶ 34.

48.        Ms. Westover posted a second interview with Dr. Kheriaty titled, "Medical Ethics Director: At its core, science is about debate" to her YouTube channel on October 9, 2021. Westover Decl. at ¶ 35.

49.        Ms. Westover received a Notice of Separation from Defendant Ford on October 13, 2021. Westover Decl. at ¶ 36.

50.        The Notice of Separation indicated that Ms. Westover's final day with the DNR would be October 18, 2021.

51.        Ms. Westover emailed DNR staff requesting clarification as to the reason(s) for her employment separation on October 13, 2021, and October 18, 2021. Westover Decl. at ¶ 39.

52.        Ms. Westover was involuntarily separated from her employment with DNR on October 18, 2021. Westover Decl. at ¶ 40.

Complaint - PAGE **8** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

53.      Ms. Westover received an email from Defendant Ford on October 20, 2021, indicating that Ms. Westover was separated for "inappropriate use of social media." Westover Decl. at ¶ 41.

54.      Ford's email did not reference an alleged violation of a specific DNR policy. Westover Decl. at ¶ 41.

55.      DNR's termination of Ms. Westover's employment violated Ms. Westover's First Amendment rights of free speech and freedom of the press.

**Defendants denied Ms. Westover her due process rights by mis-categorizing her as an exempt employee.**

56.      Ford's October 20, 2021, email to Ms. Westover asserted that Ms. Westover had been an "exempt," or "at-will" employee. Westover Decl. at ¶ 42.

57.      Ms. Westover understood Ford's use of the term "exempt" meant that the DNR considered Ms. Westover to be exempt from Washington State's Civil Service law. Westover Decl. at ¶ 43.

58.      On information and belief, DNR had not sought to exempt Ms. Westover's position through the Washington State Office of Financial Management as required by the Revised Code of Washington.

59.      Between January 1, 2019, and December 31, 2023, DNR employed approximately 1,731 employees that DNR considered exempt from state Civil Service law.

60.      DNR did not request to exempt any positions from state Civil Service law through the Washington Office of Financial Management between January 1, 2019, and December 31, 2023.

61.      As of December 31, 2023, the Washington Office of Financial Management had

Complaint - PAGE **9** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1   approved exemptions from state Civil Service law for 36 positions within DNR.

2   62.      DNR failed to provide Ms. Westover a pre-termination Loudermill Hearing.

3   Westover Decl. at ¶ 44.

4   63.      DNR failed to notify Ms. Westover of Ms. Westover's right to administratively

5   appeal her termination. Westover Decl. at ¶ 45.

6   64.      DNR's termination of Ms. Westover's employment without due process violated

7   Ms. Westover's Fourteenth Amendment rights.

8   65.      Ms. Westover filed a State Tort claim against DNR with the Washington

9   Department of Enterprise Services, Office of Risk Management on July 8, 2024.

10  66.      The Office of Risk Management acknowledged receipt of the claim on July 9,

11  2024.

12

13                          **FIRST CAUSE OF ACTION**

14                **Violation of Plaintiff's First Amendment Right to Free Speech**
15                    **Content and Viewpoint Discrimination**
16                          **(42 U.S.C. § 1983)**
17          **(Against All Defendants in Individual and Official Capacities)**
18
19  67.      Ms. Westover incorporates each of the allegations contained in all previous

20  paragraphs.

21  68.      By punishing Ms. Westover for publishing content that Defendants objected to,

22  Defendants have engaged in content and/or viewpoint discrimination in violation of the First

23  Amendment.

24  69.      It is clearly established under the First Amendment that "viewpoint discrimination

25  is . . . an egregious form of content discrimination.  The government must abstain from

Complaint - PAGE **10** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1  regulating speech when the specific motivating ideology or the opinion or the perspective of the

2  speaker is the rationale for the restriction." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515

3  U.S. 819, 829 (1995).

4      70.     The views and opinions expressed by Ms. Westover and her guests occurred

5  during Ms. Westover's personal time were and facilitated by Ms. Westover's personal equipment

6  and social media accounts.

7      71.     Defendants discriminated against Ms. Westover and required that she maintain

8  the same viewpoints as Defendants or remain silent.

9      72.     Defendants considered the content and viewpoint of Ms. Westover and Ms.

10  Westover's guests when they decided to take adverse action against her.

11      73.     Defendants retaliatory and unconstitutional actions taken against Ms. Westover

12  are unconstitutionally overbroad because they restrict a significant amount of constitutionally

13  protected speech.

14      74.     By taking adverse actions against Ms. Westover, Defendants have punished her

15  for engaging in expression the First Amendment protects.

16      75.     Defendants' retaliatory and unconstitutional actions taken against Ms. Westover

17  violate her right to free speech as guaranteed by the First Amendment to the United States

18  Constitution.

19

20                          **SECOND CAUSE OF ACTION**
21          **Violation of Plaintiff's First Amendment Right to Freedom of Speech**
22                                   **Retaliation**
23                              **(42 U.S.C. § 1983)**
24        **(Against All Defendants in Individual and Official Capacities)**
25

26      76.     Ms. Westover incorporates each of the allegations contained in all previous

Complaint - PAGE **11** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1   paragraphs.

2   77.      Ms. Westover had an expectation of continued employment absent discipline for

3   misconduct.

4   78.      By punishing Ms. Westover for interviewing guests who expressed views

5   Defendants disapproved of, Defendants have retaliated against Ms. Westover for exercising her

6   First Amendment rights.

7   79.      When Ms. Westover interviewed guests about their views about COVID-19 and

8   COVID-19 vaccines, she and her guests were speaking on a matter of public concern and

9   engaging in expression the First Amendment protects.

10   80.      Defendants' retaliatory and unconstitutional actions taken against Ms. Westover

11   would deter a person of ordinary firmness from exercising his or her right to free speech in the

12   future.

13   81.      Defendants' retaliatory and unconstitutional actions taken against Ms. Westover

14   constitute adverse employment actions and have negatively affected her professional reputation.

15   82.      Defendants' retaliatory and unconstitutional actions taken against Ms. Westover

16   violated her right to free speech as guaranteed by the First Amendment to the United States

17   Constitution, resulting in measurable harm and damages.

18

19   **THIRD CAUSE OF ACTION**
20   **Violation of Plaintiff's First Amendment Right to Expressive Association**
21   **(42 U.S.C. § 1983)**
22   **(Against All Defendants in Individual and Official Capacities)**
23

24   83.      Ms. Westover repeats and realleges each of the allegations contained in the

25   previous paragraphs of this complaint.

Complaint - PAGE **12** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1    84.    Defendants terminated Ms. Westover's employment after Ms. Westover indicated

2  her intention to continue to interview guests who may contradict DNR's positions on COVID-19,

3  COVID-19 vaccines, and COVID-19 interventions.

4    85.    Ms. Westover's interviews were expressive conduct protected by the First

5  Amendment.

6    86.    Defendants' policy of restricting Ms. Westover's and her guests' speech to

7  approved narratives under threat of termination restricted Ms. Westover's ability to express her

8  and her guests' viewpoints.

9    87.    Ms. Westover's interest in expressive association outweighs Defendants' interest

10  in maintaining its policy of preventing speech it found objectionable.

11              **FOURTH CAUSE OF ACTION**
12       **Violation of Plaintiff's First Amendment Right to be Free from Prior Restraint**
13                      **(42 U.S.C. § 1983)**
14        **(Against All Defendants in Individual and Official Capacities)**
15

16    88.    Ms. Westover repeats and realleges each of the allegations contained in the

17  previous paragraphs of this complaint.

18    89.    Prior restraints on speech and publication are the most serious and least tolerable

19  infringement on First Amendment rights.

20    90.    Defendants terminated Ms. Westover's employment when Ms. Westover did not

21  agree to Defendants' prospective direction to not speak or publish views or topics that the

22  Defendants found objectionable.

23    91.    Defendants' direction was an unconstitutional prior restraint on Ms. Westover's

24  First Amendment right of freedom of speech.

25
26

Complaint - PAGE **13** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

**FIFTH CAUSE OF ACTION**
**Violation of Plaintiff's First Amendment Right to Freedom of the Press**
**(42 U.S.C. § 1983)**
**(Against All Defendants in Individual and Official Capacities)**

92.     Ms. Westover repeats and realleges each of the allegations contained in the previous paragraphs of this complaint.

93.     Ms. Westover is an independent journalist.

94.     Ms. Westover published newsworthy information on topics of public concern.

95.     Independent journalists are entitled to the same free speech protections as journalists employed by legacy news outlets.

96.     Defendants' insistence that Ms. Westover refrain from publishing on topics of public concern on her independent journalism channel or lose her job was an unconstitutional prior restraint.

97.     Defendants' ex post facto dictate that Ms. Westover refrain from reporting about topics they deemed inappropriate for her independent journalism channel or lose her job was unconstitutional censorship.

98.     Defendants' dictates regarding what Ms. Westover could or could not publish on her independent journalism channel interfered with her editorial judgment about the choice of material to go on her channel.

99.     Defendants' prior restraint and censorship of Ms. Westover's independent journalism was an unconstitutional abridgment of the freedom of the press.

**SIXTH CAUSE OF ACTION**
**Violation of Plaintiff's Right to be Free from Unconstitutional Conditions**
**(42 U.S.C. § 1983)**
**(Against All Defendants in Individual and Official Capacities)**

100.    Ms. Westover repeats and realleges each of the allegations contained in the

Complaint - PAGE **14** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1    previous paragraphs of this complaint.

2        101.    By conditioning Ms. Westover's employment on her willingness to surrender

3    various constitutional rights, Defendants have imposed unconstitutional conditions on her in

4    violation of her First Amendment rights.

5        102.    Defendants required Ms. Westover to surrender her constitutionally protected

6    rights to freedom of speech, freedom of the press, due process, and equal protection to avoid

7    disciplinary actions up to and including termination.

8        103.    Defendants' retaliatory and unconstitutional actions taken against Ms. Westover

9    violate her right to be free from unconstitutional conditions.

10
11                        **SEVENTH CAUSE OF ACTION**
12        **Violation of Plaintiff's Fourteenth Amendment Right to Due Process of Law**
13                            **(42 U.S.C. § 1983)**
14                        **(Against Defendant DNR)**
15

16        104.    Ms. Westover repeats and realleges each of the allegation contained in all

17    previous paragraphs of this Complaint.

18        105.    By punishing Ms. Westover under vague and overbroad standards, defendant has

19    violated Ms. Westover's right to due process of law under the Fourteenth Amendment.

20        106.    Ms. Westover's right to lawfully assemble and interview guests is protected by

21    the First Amendment.

22        107.    By taking adverse employment actions against Ms. Westover, Defendant has

23    punished her for exercising rights the First Amendment protects.

24        108.    Defendant took no adverse employment actions against DNR employees who

25    supported the approved narratives around COVID-19 or COVID-19 vaccines, but they took

Complaint - PAGE **15** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1    adverse employment action against Ms. Westover, whose interviewees had differing educated

2    views.

3       109.      Defendant's retaliatory and unconstitutional actions taken against Ms. Westover

4    burden her fundamental rights and have no rational basis.

5       110.      Defendant took adverse employment action against Ms. Westover in a

6    discriminatory and unequal manner, granting other employees the right to express their views on

7    issues related to COVID-19 and COVID-19 Vaccines while denying Ms. Westover that right and

8    equal protection of the law under the Fourteenth Amendment.

9       111.      Defendant failed to provide Ms. Westover a pre-termination *Loudermill* Hearing.

10       112.      Defendant failed to provide notice to Ms. Westover of her right to

11    administratively appeal the decision to terminate her employment.

12       113.      Defendant's actions against Ms. Westover violate her right to due process of law

13    under the Fourteenth Amendment.

## EIGHTH CAUSE OF ACTION

**Violation of Right to be Free from Arbitrary and Capricious Action**

**(42 U.S.C. § 1983)**

**(Against All Defendants in Individual and Official Capacities)**

20       114.      Ms. Westover incorporates each of the allegations contained in all previous

21    paragraphs.

22       115.      Ms. Westover has a fundamental right to be free from arbitrary and capricious

23    government action.

24       116.      The Defendants' termination of Ms. Westover's employment absent established

Complaint - PAGE **16** OF **19**

1  policies notifying employees of DNR's positions on COVID-19, COVID-19 vaccines, the use of

2  facemasks and other infection interventions, and acceptable use of personal social media by

3  employees is arbitrary and capricious.

4       117.     Ms. Westover has been adversely impacted by the Defendants' arbitrary and

5  capricious conduct, in which each Defendant personally participated and performed.

6
7  **PRAYER FOR RELIEF**
8
9       118.     Ms. Westover respectfully prays that this Court grant the following relief against

10  Defendants:

11       119.     Enter judgment declaring that Defendants have violated Ms. Westover's First and

12  Fourteenth Amendment rights; enjoining future violations of the law by Defendants;

13       120.     Awarding Ms. Westover front and back pay;

14       121.     Awarding Ms. Westover compensatory damages, including but not limited to

15  damages for emotional pain and suffering;

16       122.     Awarding Ms. Westover damages associated with reputational damages;

17       123.     Awarding reinstatement;

18       124.     Awarding Ms. Westover punitive damages; awarding Ms. Westover pre- and

19  post-judgment interest;

20       125.     Awarding Ms. Westover reasonable attorneys' fees and costs; and

21       126.     Awarding such other and further relief as the Court deems just and proper.

22  **Jury Demand**

23  Plaintiff demands a trial by jury for all issues so triable herein.

24

Complaint - PAGE **17** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1    DATED, October 14, 2024.

2    Respectfully submitted,

3                                              **SILENT MAJORITY FOUNDATION**
4
5
6                                              */s/ S. Peter Serrano*
7                                              Simon Peter Serrano, WSBA No. 54769
8                                              Karen L. Osborne, WSBA No. 51433
9                                              Brett Rogers, WSBA No. 39985
10                                             5238 Outlet Dr.
11                                             Pasco, WA 99301
12                                             (530) 906-9666
13                                             pete@smfjb.org
14                                             karen@smfjb.org
15
                                               Counsel for Plaintiff, Alison Westover

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1
2

**CERTIFICATE OF SERVICE**

3       I hereby certify that on October 14, 2024, I electronically filed the foregoing document

4   with the Clerk of the United States District Court using the CM/ECF system which will send

5   notification of such filing to all parties who are registered with the CM/ECF system.

6                    DATED October 14, 2024.

7
8
9
10                      */s/ S. Peter Serrano*
11                    Simon Peter Serrano
12

Complaint - PAGE **19** OF **19**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301